**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-12-0000809**
**30-AUG-2013**
**08:03 AM**

NO. CAAP-12-0000809

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


GREG W. SCHOENLEIN, Petitioner-Appellant,
v.
STATE OF HAWAI'I, Respondent-Appellee


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P.P. NO. 11-1-0028 (CR. NOS. 04-1-2287 & 05-1-2431))


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Foley and Leonard, JJ.)

Petitioner-Appellant Greg W. Schoenlein appeals from the "Amended Findings of Fact, Conclusions of Law, and Order Denying Petition for Post-Conviction Relief Without a Hearing" entered March 12, 2012 in the Circuit Court of the First Circuit[1] (circuit court) denying his Hawai'i Rules of Penal Procedure (HRPP) Rule 40 petition for post-conviction relief.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as

---

[1] The Honorable Steven S. Alm presided.

well as the relevant statutory and case law, we conclude this appeal is without merit.

On May 10, 2011, Schoenlein filed a Petition for Post Conviction Relief pursuant to HRPP Rule 40. Schoenlein claimed relief on the grounds of unlawful sentence. He alleged that the minimum sentence calculated by the Hawai'i Paroling Authority (HPA) was improper and that his sentence in CR. No. 05-1-2431 should not have been consecutive to his sentence in CR. No. 04-1-2287.

The circuit court imposed a sentence of five years imprisonment for Schoenlein's sole count of theft in the second degree in CR. No. 04-1-2287; and in CR. No. 05-1-2431, imposed a sentence of five years for his one count of escape in the second degree and ten years for his one count of escape in the first degree to run concurrently with each other but consecutive to the sentence in CR. No. 04-1-2287 and any other sentence imposed in his cases in Michigan.

Schoenlein argues the Department of Public Safety and/or the HPA have not properly credited him with the presentence detention that he served. Schoenlein claims that his presentence credit for time served should be applied to both sentences in CR. Nos. 04-1-2287 and 05-1-2431.

In State v. Tauiliili, 96 Hawai'i 195, 29 P.3d 914 (2001), the Hawai'i Supreme Court held that in the imposition of consecutive sentences, presentence credit time is only granted once against the aggregate of the consecutive sentences. The

supreme court stated that "when consecutive sentences are imposed, credit for presentence imprisonment is properly granted against only the aggregate of the consecutive sentence terms." Tauiliili, 96 Hawai'i at 199, 29 P.3d at 918. This is what HPA did in this case.

Therefore,

IT IS HEREBY ORDERED that the March 12, 2012 "Amended Findings of Fact, Conclusions of Law, and Order Denying Petition for Post-Conviction Relief Without a Hearing" entered in the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, August 30, 2013.

On the briefs:

Greg Schoenlein
Petitioner-Appellant pro se.

Richard W. Stacey
Diane K. Taira
Deputy Attorneys General,
for Respondent-Appellee.

Chief Judge

Associate Judge

Associate Judge